UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph D. Pignato,<br>Brentwood, New Hampshire,<br>　　　　　　　　Plaintiff<br><br>v.<br><br>Tufts Medical Center, Inc.,<br>And<br>Mary Moran, RN,<br>　　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**The Parties**

1.　Joseph Pignato is a resident of Brentwood, New Hampshire, residing at 337 Middle Road, Brentwood, New Hampshire, 03833. Mr. Pignato has resided in Brentwood, New Hampshire at all times relevant to this complaint.

2.　Tufts Medical Center, Inc. ("Tufts Medical") is a Massachusetts corporation with a principal place of business at 800 Washington Street, Boston, Massachusetts 02111.

3.　Mary Moran is a registered nurse employed by Tufts Medical Center, Inc. Upon information and belief, Ms. Moran is a New Hampshire resident with a residential address of 30 Beacon Hill Road, Gilford, New Hampshire, 03249.

**JURISDICTION**

4.　There is complete diversity among the parties as required by 28 USC §1332(a).

5.　The amount in controversy exceeds $75,000 as required by 28 USC §1332(a)(1).

6.　The facts on which the Plaintiff's claims arise all occurred in Boston, Massachusetts. Tufts Medical is a Massachusetts corporation actively engaged in business

within the Commonwealth.  In addition, Defendant Moran is employed by Tufts Medical with the Commonwealth.  Accordingly, this Court maintain personal jurisdiction over both Defendants.

**STATEMENT OF FACTS**

7. On March 19, 2011, Mr. Pignato was admitted to the Floating Hospital for Children at Tufts Medical Center for surgery on a small bowel obstruction.

8. Following the surgery, on or about the evening of March 22, 2011, Mr. Pignato was recovering in the Intensive Care Unit within the Floating Hospital.

9. In an abundance of caution, Mr. Pignato and his family had alerted the hospital's staff that he had recently had surgery on his right shoulder and to be careful when moving or placing Mr. Pignato in his hospital bed.  In fact, Mr. Pignato's family had posted notes in his room informing the hospital staff of his condition.

10. That night while he was asleep in the ICU, Mr. Pignato fell from his hospital bed and landed on his right shoulder.  The rails to Mr. Pignato's bed were left in the down position, causing Mr. Pignato to fall from his bed while he was asleep.

11. Alternatively, and upon information and belief, Tufts Medical's employees, including Defendant Moran, placed Mr. Pignato in a chair following his surgery and while he was recuperating from the operation.

12. Left unattended and without proper safety precautions, Mr. Pignato fell from the chair and landed on his right shoulder.

13. The fall caused Mr. Pignato to suffer a massive rotator cuff tear to his right shoulder, which had recently recovered from surgery performed one month prior.

14. A subsequent evaluation of Mr. Pignato's right shoulder by his orthopaedic surgeon revealed near pseudo-paralysis of his arm and crepitation throughout. An MRI of the shoulder MRI revealed a large recurrent full-thickness retracted cuff tear with portions of acute muscle sprain throughout the right side, complex capsulitis and bursitis, a frayed irregular superior labrum, multifactorial lateral arch stenosis and medial arch stenosis in a pattern consistent with outlet-related cuff impingement.

15. The injuries to Mr. Pignato's right shoulder were the direct result of the fall from his hospital bed at the Tufts Medical Center.

16. The injuries to the shoulder require that Mr. Pignato undergo a right shoulder arthroscopy with a suprascapular nerve decompression and a reverse shoulder arthroplasty.

17. The injuries to Mr. Pignato's shoulder have caused severe and significant pain and suffering, loss of the use of his right arm, emotional distress, sleepless nights and past and anticipated medical expenses.

COUNT I

TUFTS MEDICAL CENTER, INC.
MEDICAL NEGLIGENCE

18. Mr. Pignato incorporates, by reference, each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

19. In a plea of the case, for that the Tufts Medical Center owed duties to all patients who used its facilities to use reasonable care in the preparation and performance of its facilities for the provision of medical services and the safe recuperation from such medical services.

20. Defendants breached its duties on several occasions, including:

a) failing to properly train and supervise its staff members to ensure the safe and proper recuperation of Mr. Pignato while he slept in the Intensive Care Unit following surgery;

b) failing to sufficiently monitor Mr. Pignato's care while he recuperated from surgery;

c) failing to properly staff nurses and other personnel in the Intensive Care Unit at levels, schedules and rotations necessary to ensure the safety of its patients;

d) failing secure and lock Mr. Pignato's bed rails within the Intensive Care Unit while he was asleep and recovering from a bowel resection, and failing to monitor Mr. Pignato's condition and safety precautions while he was in the hospital's care.

21. Defendants knew or should have known that Mr. Pignato had recently had surgery on his right shoulder.

22. Defendants' breach of the standard of care caused Mr. Pignato to suffer severe pain and suffering, emotional distress and past and future medical expenses associated with the diagnosis and treatment of the Plaintiff's right shoulder injury, as well as the necessary and anticipated right shoulder arthroscopy, suprascapular nerve decompression and reverse shoulder arthroplasty, together with physical therapy and rehabilitation.

## COUNT II

### MARY MORAN, RN
### MEDICAL NEGLIGENCE

23. Mr. Pignato incorporates, by reference, each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

24. In a plea of the case, for that Jane and John Doe, owed a duty to use reasonable care in the services provided to their patients in the Intensive Care Unit of the Floating Hospital at Tufts Medical Center.

25. Defendants breached that duty by failing to secure and lock Mr. Pignato's bed rails within the Intensive Care Unit while he was asleep and recovering from a bowel resection,

and failing to monitor Mr. Pignato's condition and safety precautions while he was in the hospital's care.

26. Defendants knew or should have known that Mr. Pignato had recently had surgery on his right shoulder.

27. Defendants' breach of the standard of care caused Mr. Pignato to suffer severe pain and suffering, emotional distress and past and future medical expenses associated with the diagnosis and treatment of the Plaintiff's right shoulder injury, as well as the necessary and anticipated right shoulder arthroscopy, suprascapular nerve decompression and reverse shoulder arthroplasty, together with physical therapy and rehabilitation.

## COUNT III

### TUFTS MEDICAL CENTER, INC. RESPONDEAT SUPERIOR

28. Mr. Pignato incorporates, by reference, each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

29. Defendant Tufts Medical Center, Inc. employed the hospital staff attending to and caring for Mr. Pignato while he recuperated from surgery in the Intensive Care Unit at the Floating Hospital.

30. The hospital staff, including Defendant Moran, acted within the scope of their employment while attending to and caring for Mr. Pignato on the evening of March 22, 2011.

31. The hospital staff, including Defendant Moran, owed a duty to use reasonable care in the services provided to their patients in the Intensive Care Unit of the Floating Hospital at Tufts Medical Center.

32. Defendants breached that duty by failing to secure and lock Mr. Pignato's bed rails within the Intensive Care Unit while he was asleep and recovering from a bowel resection,

and failing to monitor Mr. Pignato's condition and safety precautions while he was in the hospital's care.

33. Defendants knew or should have known that Mr. Pignato had recently had surgery on his right shoulder.

34. Defendants' breach of the standard of care caused Mr. Pignato to suffer severe pain and suffering, emotional distress and past and future medical expenses associated with the diagnosis and treatment of the Plaintiff's right shoulder injury, as well as the necessary and anticipated right shoulder arthroscopy, suprascapular nerve decompression and reverse shoulder arthroplasty, together with physical therapy and rehabilitation.

The Plaintiff demands a trial by Jury.

WHEREFORE, Plaintiff prays that this Honorable Court:

    A.    Schedule a jury trial of Plaintiff's complaint

    B.    Allow such damages as may be awarded to the Plaintiff by such jury; and

    C.    For such other relief as may be just and equitable.

Respectfully submitted,

Joseph D. Pignato

By his attorney,

Dated: April 1, 2014

/s/ Patrick E. Donovan, Esq.
Law Office of Patrick E. Donovan, PLLC
By: Patrick E. Donovan, Esquire
MA Bar No. 556758
23 Main Street
Salem, NH 03079
TEL: (603) 893-1177
FAX: (603) 893-5553
pdonovan@donovanlaw.com